Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8019 | **DATE** | NOV 16 2011 |
| **CASE TITLE** | Bennie Earl Driskel (N-10015) v. Health Care Management, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court assesses an initial partial filing fee of $2.00. The trust fund officer at Plaintiff's place of confinement is authorized to deduct the initial fee from Plaintiff's trust account and to continue making deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Stateville Correctional Center and to issue summons for Defendants R. Neems, J. Macklin, and CHS Smith. The United States Marshals Service is appointed to serve these Defendants. No summonses shall issue for the unknown Defendants until their identities are known. The clerk shall send to Plaintiff a magistrate judge consent form and filing instructions.

■ [For further details see text below.]                                                    Docketing to mail notices.

## STATEMENT

Plaintiff Bennie Earl Driskel (N-10015), currently an inmate at Stateville Correctional Center, has filed this civil rights action against several Cook County Jail nurses and personnel. Plaintiff alleges that black fungus in the showers caused him to develop blisters on his hands and feet, that he was prescribed medication for the condition in July 2011, but that he did not receive the medication until September 2011. He states that he told several nurses and other persons at the jail (J. Macklin, CHS Smith, and an unknown nurse), but that his requests were ignored, causing him additional pain and suffering and allowing his condition to worsen.

The court finds that Plaintiff is unable to prepay the filing fee and grants his motion to proceed *in forma pauperis*. The court assesses an initial partial filing fee of $2.00. The trust account officer at the place of Plaintiff's confinement is directed to deduct this amount from Plaintiff's prison trust account, when such funds are available. Thereafter, the trust fund officer shall collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the number of this case. Plaintiff shall remain responsible for this filing fee obligation, and Stateville officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

This court has conducted a preliminary review of the complaint under 28 U.S.C. § 1915A. The allegations stated above indicate that Plaintiff has asserted colorable claims of deliberate indifference to a serious medical need against the Defendants. *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) ("[a] delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain").
(CONTINUED)

isk

**STATEMENT (continued)**

    The clerk shall issue summonses for service of the complaint on Defendants R. Neems, J. Macklin, and CHS Smith. Any service forms necessary to serve them shall be sent by the Marshal to Plaintiff. Plaintiff's failure to complete and return the forms may result in the dismissal of the claims against the named, as well as the unnamed, Defendants. The Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by the Plaintiff, officials at the Cook County Jail or Cermak Health Services shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal, and shall neither be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If unable to obtain waivers, the Marshal shall attempt personal service.

    Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

    Plaintiff's motion for the appointment of counsel is denied without prejudice. The case at the present time does not involve complex discovery or an evidentiary hearing, and plaintiff's current pleadings indicate that he may proceed with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007).

FILED
2011 NOV 17 AM 2:45
CLERK, U.S. DISTRICT COURT